IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NOY LEYB, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-3059-K |
| | § | |
| TINDER LLC f/k/a MATCH GROUP, INC., | § | |
| | § | |
| | § | |
| Respondent. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

In response to this Court's order questioning subject matter jurisdiction, Petitioner Noy Leyb ("Petitioner") filed an Amended Petition and Motion to Vacate and Require Reasoned Decision for Arbitration Decision or, in the Alternative, for an Order Compelling National Arbitration and Mediation Holdings, LLC to Submit the Matter to an Arbitration Panel (the "Amended Petition') (Doc. No. 17). The Court specifically questioned whether the jurisdictional amount in controversy was satisfied. Doc. No. 16. For the following reasons, the Court concludes that subject matter jurisdiction is lacking and, therefore, this case must be **DISMISSED without prejudice**. FED. R. CIV. P. 12(h); *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991) ("Failure adequately to allege the basis for diversity jurisdiction mandates dismissal.").

Federal courts "are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute." *Badgerow*, 596 U.S. at 7 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Accordingly, federal courts have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). The party seeking the federal forum bears the burden of establishing the federal court's subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

In its previous order, the Court explained that the Supreme Court held that federal courts cannot apply a "look-through approach" to determine subject matter jurisdiction on a petition to confirm, vacate, or modify an arbitration award under Section 9 or 10 of the Federal Arbitration Act. Doc. No. 16 (citing *Badgerow v. Walters*, 596 U.S. 1, 9-12 (2022); *see id*. at 10-11 (explaining that the statutory language of Section 4, which governs petitions to compel arbitration, expressly provides for the "look-through approach" in assessing subject matter jurisdiction whereas Sections 9 and 10 "do not mention the court's subject-matter jurisdiction at all" and, so, this approach cannot apply under ordinary principles of statutory construction.)). On a petition to vacate, affirm, or modify, the Supreme Court emphasized that the issue before the court is the enforceability of the arbitration award, not the underlying issues in the arbitration. *See Badgerow*, 596 U.S. at 9, 18. Thus, "a court may look only to the

application actually submitted to it in assessing its jurisdiction." *Id.* at 5; *see Ascension Data*, 105 F.4th 749, 754 (5th Cir. 2024) (recognizing *Badgerow* and affirming that "[t]he only dispute properly before the district court" on a vacatur application is "the enforceability of the arbitral award" and, so the court cannot look to underlying arbitration demand for its subject matter jurisdiction.).

In the Amended Petition, Petitioner invokes the Court's diversity jurisdiction, alleging that each party is diverse in their citizenship and that the amount in controversy exceeds $500,000. Doc. No. 17 at 1-2. Petitioner properly alleged complete diversity of the parties' citizenship— Petitioner is a citizen of New York and Defendant is a citizen of Delaware and of Texas. *Id.* Petitioner failed, however, to establish that the amount in controversy exceeds $75,000. Petitioner alleges the following:

> This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(2) because complete diversity exists and the amount in controversy exceeds $75,000, exclusive of interest and costs. The arbitration decision dismissed Petitioner's tort claims under the Communications Decency Act and awarded no monetary relief. By doing so, the arbitration award extinguished Petitioner's claims for compensatory damages, reputational harm, emotional distress, and punitive damages. In actions seeking declaratory or equitable relief, the amount in controversy is measured by the value of the right to be protected or the injury to be prevented. *See Farkas v. GMAC Mortgage, L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013); *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996). In the context of an action seeking vacatur of an arbitration award, this includes the value of the legal rights affected by the award, including the value of claims extinguished by the award and that would be revived if vacatur were granted. Petitioner alleges in good faith that the value of these extinguished claims exceeds $75,000. Accordingly, the amount in controversy requirement is satisfied.

Doc. No. 17 at 1-2; *see id.* at 2 ("No party is a citizen of the same state, and the amount in controversy exceeds $500,000."); *id.* at 3 ("No Respondent is a citizen of the same state that Plaintiff resides and the amount in controversy is $500,000, exclusive of interest and costs, which exceeds the $75,000 amount in controversy threshold set forth in 28 U.S.C. § 1332(a).").

The arbitrator found that Petitioner's claims "are barred by the Communications Decency Act" and dismissed all of Petitioner's claims with no monetary award being made. Doc. No. 1 at 123. In the Amended Petition, Petitioner asks the Court to: (1) "vacate and compel the Arbitrator to provide a reasoned decision and brief statement of the reasons for the award," or, (2) in the alternative, issue "an order compelling NAM, the governing body pursuant to Respondent's [Terms of Service], to comply with its own Appellate Dispute Resolution Rules and Procedures, specifically Rule 13, which requires the matter be referred to an Arbitration Panel of three (3) NAM Neutrals selected from NAM's Roster of Neutrals." Doc. No. 17 at 12.  Petitioner claims "the value of the legal rights affected by the award, including the value of the claims extinguished by the award" is the basis for the amount in controversy. *See* Doc. No. 1 at 113-15 (Demand for Arbitration), 119 (Petitioner demanded damages "in excess of $500,000" in the arbitration proceeding.).

Petitioner's attempt to characterize this as akin to an action for declaratory judgment or other equitable relief misses the mark.  The binding case law could not be clearer on this exact issue.  The only dispute before this Court on this Amended Petition

is the enforceability of the arbitration award, and the Court is precluded from looking through to the issues presented in the underlying arbitration and the demand made therein for its subject matter jurisdiction. *See Badgerow*, 596 U.S. at 5; *Ascension Data*, 105 F.4th at 754; *see also Badgerow*, 596 U.S. at 12 (the "highly unusual" look-through rule "locates jurisdiction not in the action actually before the court, but in another controversy neither there nor ever meant to be."). But that is exactly what Petitioner asks this Court to do in determining whether the jurisdictional amount in controversy is satisfied. *See Shah v. Agarwal*, Civ. Action No. 3:, 2025 WL 2256510, at *1-2 (N.D. Tex. Aug. 7, 2025)(Lindsay, J.) (arbitration award for $50,000 in attorneys' fees did not meet the jurisdictional amount in controversy and the court found it could not look through to the claims asserted and demand made in the underlying arbitration, as petitioner requested, to satisfy that jurisdictional requirement.); *cf. Badgerow*, 596 U.S. at 18 ("To be sure, Congress created an exception to those ordinary jurisdictional principles for Section 4 petitions to compel. But it is one thing to make an exception, quite another to extend that exception everywhere."). The Court cannot find on the Amended Petition that Petitioner has established the amount in controversy threshold has been met.

  The arbitration award "is no more than a contractual resolution of the parties' dispute—a way of settling legal claims. And quarrels about legal settlements—even settlements of federal claims—typically involve only state law, like disagreements about other contracts." *Badgerow*, 596 U.S. at 9. "Congress has not authorized a federal court

to adjudicate a Section 9 or 10 application just because the contractual dispute it presents grew out of arbitrating different claims, turning on different law, that (save for the parties' agreement) could have been brought in federal court." *Id.* at 12. Indeed, "[a]pplications about arbitral decisions could and should follow the normal rules." *Id.* at 9.

Petitioner failed to meet his burden of establishing this Court's diversity jurisdiction. Accordingly, the Court **dismisses** this case **without prejudice** for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h); *Stafford*, 945 F.2d at 805.

**SO ORDERED.**

Signed February 3rd, 2026.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE